IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-51250
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARANCE CALLIES,

Defendant-Appellant.

———————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-4-ALL

———————————

December 3, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Clarance Callies was convicted by a jury of conspiracy to possess with intent to distribute and possession with intent to distribute in excess of fifty grams of cocaine base.[1] He challenges the district court's denial of his motion to suppress evidence seized from a motel room without a warrant and evidence seized from two residences pursuant to search warrants.

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii) & 846 (2001).

He first argues that police violated his expectation of privacy by crossing the threshold of the motel room without a warrant. The evidence and testimony at the suppression hearing showed that the room was not registered to Callies and that police obtained the key from the registered guest. There was no evidence that Callies was an additional guest in the room or that the room contained any of his personal effects. In fact, Callies denied that the room was his and disclaimed an interest in the only item found there, a jacket that contained cocaine. We conclude that because Callies has not established a legitimate expectation of privacy in the room, he lacks standing to challenge the search.[2]

Callies next argues that the searches of the two residences were improper because the warrants were based on nothing more than "bare bones" affidavits. In reviewing the denial of a motion to suppress evidence obtained pursuant to a search warrant, we must first determine whether the good faith exception to the

---

[2] *See United States v. Vega*, 221 F.3d 789, 798 (5th Cir. 2000) (explaining that "one merely 'legitimately on the premises' represents the typical individual who may not claim [Fourth Amendment] protection" and concomitantly denying Fourth Amendment protection to Vega, who "offered no evidence of his purpose for being" at the location in question); *United States v. Irizarry*, 673 F.2d 554, 556 (1st Cir. 1982) ("In order to challenge on Fourth Amendment grounds the use of evidence at one's trial, one must demonstrate 'a legitimate expectation of privacy in the area searched.' The hotel room here was registered to appellant Guilbe. Appellant Garcia, however, offered no evidence of any personal interest in the room beyond his being 'merely present.' Indeed, he affirmatively sought to deny any connection with the room or its contents. It was therefore perfectly legitimate to introduce evidence seized from the room against him at trial.").

exclusionary rule applies, and, if not, whether probable cause supported the warrant.[3] The affidavits in question indicated that a confidential informant (CI) personally observed Callies possess and sell cocaine at specified addresses within the prior twenty-four hours and that the police officer had verified the CI's description of the two houses and verified the fact that Callies was the record holder of utilities at one of the addresses. The affidavits further indicated that the CI was made aware of possible criminal consequences for providing false information but the CI maintained the accuracy of the information. Further, the affidavits stated that the affiant believed the CI's credibility was enhanced because the CI knew she would not receive any financial reward if the information was incorrect. Considering the totality of circumstances, we conclude that the affidavits were not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.[4]

Finally, Callies argues that the district court erred in denying a motion for mistrial based on a government witness's unresponsive answer, which referenced Callies's "jail record." The district court did not abuse its discretion in denying the motion, because the remark was ambiguous in the context in which it was made, not clearly indicating that Callies had a prior conviction.

---

[3] *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999).

[4] *See United States v. Satterwhite*, 980 F.2d 317, 320-22 (5th Cir. 1992).

3

Furthermore, any prejudice caused by the remark was overwhelmed by evidence of Callies's guilt.[5]

AFFIRMED.

---

[5] The confidential informant testified at trial that she used Callies as her supplier to support her drug addiction and purchased cocaine from him two or three times per day. She also testified about renting the room at the motel and stated that other people came into the room to purchase drugs from Callies, who kept the drugs in his jacket.